# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| GENWORTH LIFE AND ANNUITY INS. | § | |
| CO., METROPOLITAN LIFE INS. CO., | § | |
| _Plaintiffs_, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:11-CV-00894 |
| MARY LEE CAIN, KATHLEEN MOSS | § | |
| WARREN, ARETHA OWENS WARREN, | § | |
| and DFS INTERESTS, INC. d/b/a | § | |
| DIRECTORS' FUNDING SOURCE, | § | |
| _Defendants_. | § | |

## MEMORANDUM AND ORDER

This interpleader action for recovery of insurance proceeds is before the Court on defendant Kathleen Warren's unopposed motion for partial summary judgment (Dkt. 46). The motion is granted.

On March 10, 2011, plaintiff Genworth Life and Annuity Insurance Company filed its interpleader complaint against defendants requesting that the Court determine who is entitled to the proceeds of an insurance plan held by Clifford Warren Jr. (Dkt. 1). On December 16, 2011, plaintiff Metropolitan Life Insurance Company ("MetLife") filed its intervenor interpleader complaint against defendants Kathleen Warren and Aretha Warren contending that both defendants have made credible claims to be the surviving spouse of Clifford Warren Jr. making them the sole beneficiary under their insurance plan. (Dkt. 32). However, on January 4, 2012, defendant Aretha Warren was dismissed from the suit with

prejudice leaving only defendant Kathleen Warren's claim as the surviving spouse in regards to the MetLife insurance plan. (Dkt. 40).

Pursuant to the Federal Rule of Civil Procedure, summary judgment is only proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant, or where it is so overwhelming that it mandates judgment in favor of the movant, summary judgment is appropriate. *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Crawford v. Formosa Plastic Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). However, there is no party opposing Kathleen Warren's motion for summary judgment. Therefore, the Court will regard all the allegations and supporting evidence by Kathleen Warren as true.

As such, the Court finds the following: (1) Kathleen Warren was lawfully married to Clifford Warren Jr. at the time of his death, (2) Kathleen Warren is Clifford Warren Jr.'s surviving spouse, and (3) Kathleen Warren is entitled to the entire proceeds of the MetLife insurance policy as the sole beneficiary under the plan.

The Registry of the Court shall release the $20,000 deposit made by MetLife plus all

2

interest accrued under receipt number HOU020226 to Kathleen Moss Warren.

Signed at Houston, Texas on April 2, 2012.

Stephen Wm Smith
United States Magistrate Judge