UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INS. CO., METROPOLITAN LIFE INS. CO., *Plaintiffs*, v.<br><br>MARY LEE CAIN, KATHLEEN MOSS WARREN, ARETHA OWENS WARREN, and DFS INTERESTS, INC. d/b/a DIRECTORS' FUNDING SOURCE, *Defendants.* | CIVIL ACTION NO. 4:11-CV-00894 |

### MEMORANDUM AND ORDER

This interpleader action for recovery of insurance proceeds is before the Court on defendant DFS Interests, Inc.'s motion for partial summary judgment (Dkt. 44). The motion is granted in part and denied in part.

### Background

On March 10, 2011, plaintiff Genworth Life and Annuity Insurance Company filed its interpleader complaint against defendants requesting that the Court determine who is entitled to the proceeds of an insurance plan held by Clifford Warren Jr., the express beneficiary or the surviving spouse. (Dkt. 1). Defendant DFS Interests, Inc. ("DFS") is a financing business that loans money to funeral homes to cover funeral expenses in exchange for an assignment of insurance benefits. (Dkt. 44). Defendant Mary Cain (the beneficiary under the Genworth policy) entered into such an arrangement to have memorial services for

Clifford Warren Jr. (her son) by the Serenity Mortuary Funeral Home. Cain assigned a portion ($15,858) of her interest in the policy proceeds to Serenity, which in turn reassigned that amount to DFS. At the time of Clifford Warren Jr.'s death, he was married to defendant Kathleen Warren (the surviving spouse).

## Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(a-c). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party. *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Circ. 2002). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Crawford v. Formosa Plastic Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

## Analysis

DFS seeks summary judgment that (1) Mary Cain was the sole beneficiary under the Genworth policy and entitled to all its proceeds, undiminished by any community property

2

claim; (2) by virtue of assignment and reassignment DFS is entitled to $15,858 of the Genworth proceeds due to Cain; and (3) DFS is entitled to interest and attorney's fees.[1]

**1.    *Warren's Community Property Claim To Genworth Policy Proceeds***

In opposition to DFS's motion, Warren claims that, as the surviving spouse, she is entitled to half the policy proceeds because the insurance policy was purchased with community funds. (Dkt. 48). Under Texas law, if the insurance contract was community property at the time of the insured spouse's death, then the surviving spouse would be entitled to half the proceeds as her share of the community estate. *Amason v. Franklin Life Ins. Co.*, 428 F.2d 1144, 1146-47 (5th Cir. 1970). If the insurance policy was decedent's separate property at the time of his death, the surviving spouse would be entitled to reimbursement of one-half of the community funds used to pay the premiums. *Pritchard v. Snow*, 530 S.W.2d 889, 893 (Tex. Civ. App. 1975). "Generally, whether property is separate or community is determined by its character at inception, and this general rule applies to life insurance policies." *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001). The Texas Family Code defines separate property as "the property owned or claimed by the spouse before marriage" and "the property acquired by the spouse during marriage by gift, devise, or descent." Tex. Fam. Code § 3.001. Community property is all other property acquired by

---

[1] In her response (Dkt. 48), Kathleen Warren moves to strike DFS's motion for summary judgment for failure to provide all necessary summary judgment evidence. The motion to strike is denied.. Warren also argues that DFS is not entitled to any proceeds under the MetLife policy. However, DFS has never asserted a claim under the MetLife policy.

either spouse during the marriage. Tex. Fam. Code § 3.002. Moreover, there is a presumption that property possessed by a spouse either during the marriage or upon the dissolution of the marriage is community property. Tex. Fam. Code § 3.003(a). To overcome this presumption, the party claiming the property as separate property must do so by "clear and convincing evidence." Tex. Fam. Code § 3.003(b).

Here, DFS does not dispute that Warren and the decedent were married at the time the insurance policy was purchased and that it was purchased with community funds. (Dkt. 48). Accordingly, the insurance policy and its proceeds are community property under Texas law. *Amason v. Franklin Life Ins. Co.*, 428 F.2d 1144, 1146-47 (5th Cir. 1970); *Freedman v. United States*, 382 F.2d 742, 745 (5th Cir. 1967); Tex. Fam. Code § 3.002.

Instead of providing the Court with clear and convincing evidence that the insurance policy is not community property, DFS references case law that it contends shows a superior interest by the named beneficiary over the rights of the community estate. However, DFS has misinterpreted these cases. In *Parson v. United States*, 460 F.2d 228, 231-32 (5th Cir. 1972), a spouse naming the other spouse as a beneficiary in a life insurance policy. The *Parson* court was asked to decide whether the spouse had effectively made a gift of his community property share to his wife's separate estate for estate tax purposes, an issue not relevant here. Likewise, the other cases that DFS cites would support DFS's position <u>if</u> the decedent had purchased the life insurance policy prior to his marriage. *McCurdy v. McCurdy*, 372 S.W.2d 381, 383-384 (Tex. Civ. App. 1963)*; Gray v. Bush*, 430 S.W.2d 258,

267-268 (Tex. Civ. App. 1968); *Pritchard v. Snow*, 530 S.W.2d 889, 893 (Tex. Civ. App. 1975); *Camp v. Camp*, 972 S.W.2d 906, 907 (Tex. App. 1998). Here, however, the insurance policy was purchased during the marriage with community funds. None of the cases DFS cites rebut the community property presumption in this circumstance.

Accordingly, the Court finds that Kathleen Warren is entitled to her community property estate interest of one-half the proceeds of the Genworth insurance policy; Mary Cain is entitled to the remaining half. DFS's motion for summary judgment to the contrary is denied.

**2.    *DFS's Claim to the Insurance Proceeds***

By virtue of assignment, DFS is entitled to a portion of the Genworth insurance proceeds due to Mary Cain, the named beneficiary of the policy. (Dkt. 44). Mary Cain executed an irrevocable assignment of $15,858.00 of the Genworth insurance benefits to the Serenity Mortuary Funeral Home in compensation for funeral services performed by Serenity on Clifford Warren, Jr.'s behalf. (Dkt. 44-1). Then, Serenity Mortuary executed an irrevocable reassignment of the same $15,858.00 from the Genworth policy to DFS. (Dkt. 44-2).

The amount of proceeds on deposit with the Court is $34,868.22. (Dkt.7). Mary Cain's share of those proceeds, reduced by Kathleen Warren's half interest, would be $17,434.11, plus one half of any interest accrued. This is more than enough to satisfy the amount of the assignment to DFS. Therefore, the Court finds that DFS is entitled to $15,858.00 of the

Genworth insurance policy proceeds, and summary judgment is granted in that amount.

3.   ***Attorney's Fees***

DFS bases its claim for attorney's fees on a covenant which appears (with slight modifications) in both the assignment and reassignment forms. The relevant language in the assignment is as follows:

> I/We agree to pay all costs, expenses, and reasonable attorney's fees incurred in enforcing any of the covenants and provisions of this Assignment incurred in any action brought against me/us on account of the provisions hereof.

Dkt.44-1.

There are several difficulties with this claim. First of all, DFS assumes that its attorney fees should come from the policy proceeds, but nothing in the quoted language (or anywhere else in the assignment) supports this contention. On its face, this attorney's fees clause is an independent covenant, separate and apart from the assignment proceeds of $15,858.00. It is to be enforced, if at all, as a separate contractual undertaking between the parties to the assignment.

The next problem is that DFS has no contractual claim for attorney's fees against any party to this action. DFS was not a party to the assignment from Mary Cain to Serenity Mortuary. Her obligation to pay attorney's fees ran only to Serenity Mortuary, who has made no appearance and consequently has incurred no fees in this litigation. And while DFS was a party to the reassignment from Serenity Mortuary, the attorney's fees clause in that agreement has obviously not been triggered, because there has been no "action brought

against" Serenity Mortuary. Nor is there any provision specifically assigning Serenity Mortuary's right to collect attorney's fees from Mary Cain.

Finally, even if DFS had entered into such an agreement with Mary Cain, it would not have been triggered by the interpleader action brought here by Gensworth. The attorney's fees clause applies "in an action brought against me/us *on account of the provisions hereof*." (Dkt.44-1, emphasis added). Gensworth brought this suit against Mary Cain because there were competing claims to the insurance proceeds from the decedent's former spouses, not on account of any dispute regarding the assignment or reassignment to DFS.

For all these reasons DFS is not entitled to recover its attorney's fees in this action, and its motion for summary judgment on that claim is denied.

**4.** *Interest*

DFS is requesting a 9% interest rate on the $15,858.00 owed under the terms of the assignment, which it calculates as $821.14. (Dkt. 58). According to the terms of the assignment, Mary Cain promised "to pay to the order of [Serenity Mortuary] or its Assigns $15,858.00 with interest at the rate of 9% per annum, after this date until paid." (Dkt. 44-1). No party has opposed this request. Accordingly, the Court does find that DFS is entitled to recover 9% interest per annum on the $15,858.00 from Mary Cain.

**Conclusion**

For the foregoing reasons, DFS' motion for summary judgment is granted in part and denied in part. DFS is entitled to recover $15,858.00 from the Genworth insurance policy proceeds due to Mary Cain, plus interest at the rate of 9% per annum. All other requested relief is denied.

The parties are directed to confer and submit within 14 days a proposed Final Judgment to the Court consistent with the terms of this opinion.

Signed at Houston, Texas on May 17, 2012.

_____
Stephen Wm Smith
United States Magistrate Judge